CRAIG S. SIMON, ESQ. (SBN 78158)
JEFFREY S. CROWE, ESQ. (SBN 216055)
HEATHER WHITMORE, ESQ. (SBN 198300)
BERGER KAHN, A Law Corporation
Mail Service:
 Post Office Box 19694
 Irvine, CA  92623-9694
Location:
 2 Park Plaza, Sixth Floor
 Irvine, California  92614-8516
Tel:  (949) 474-1880 • Fax:  (949) 474-7265

Attorneys for Defendant SAFECO INSURANCE COMPANY OF AMERICA

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDITH MOORE and WALTER MOORE, <br><br> Plaintiffs, <br><br> vs. <br><br> SAFECO INSURANCE COMPANY OF AMERICA, and DOES 1 TO 25, inclusive, <br><br> Defendants. | CASE NO. CV11-01891 DMG (AJWx) <br><br> Los Angeles Superior Court <br> Case No.:    BC454399 <br><br> **PROTECTIVE ORDER** |

Pursuant to the Stipulated Protective Order submitted by Plaintiffs Judith Moore and Walter Moore, and Defendant Safeco Insurance Company of America,

IT IS HEREBY ORDERED THAT:

1.     In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  By designating a document, thing, material,

1

testimony or other information derived therefrom as "Confidential" under the terms of this Order, the party making the designation is certifying to the court that there is a good faith basis both in law and fact for the designation within the meaning of Federal Rule of Civil Procedure 26(g).

2. Any document or group of documents that are designated as "Confidential" shall be stamped "Confidential" or otherwise have the legend "Confidential" on the top page or first page without the need to stamp "Confidential" on each successive page. Any attached or successive documents to a document that is marked "Confidential" shall be considered confidential, unless otherwise indicated by the producing party. Any inadvertent failure to designate a document, thing, material, testimony or other information derived therefrom as "Confidential" shall not be deemed a waiver of the right to designate such material as "Confidential," and such designation may be made following the discovery of such inadvertent failure to designate.

3. Testimony taken at a deposition, conference, hearing or trial may be designated as confidential by making a statement to that effect on the record at the deposition or other proceeding. Arrangements shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as confidential, and to label such portions appropriately.

4. Material designated as confidential under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from material designated as confidential shall be used only for the purposes of the prosecution, defense, settlement, or appeal of this action, and for no other purpose.

5. Confidential material produced pursuant to this Order may be disclosed or made available only to the Court, to counsel for a party (including counsel's staff), and to the "qualified persons" designated below:

(a) a party, or an officer, director, employee, or representative of a party deemed necessary by counsel to aid in the prosecution, defense, settlement, or appeal of this action;

(b) experts or consultants (together with their clerical staff) retained by such counsel to assist in the prosecution, defense, settlement, or appeal of this action;

(c) court reporter(s) employed in this action;

(d) a witness at any deposition or other proceeding in this action;

(e) any other person as to whom the parties in writing agree.

Prior to receiving any confidential material, each "qualified person" shall be provided with a copy of this Order and shall execute a nondisclosure agreement in the form of Attachment A, a copy of which shall be provided forthwith to counsel for each other party and for the parties.

6. No writing designated as "Confidential," including deposition transcripts and exhibits, shall be filed with the court, unless such material is labeled "Confidential -- Subject to Court Order" and filed under seal until further order of this Court.

7. Within 30 days after the final termination of this lawsuit (either by dismissal or judgment), any and all original "Confidential" materials designated by any party and produced in response to discovery shall be returned to the producing party's counsel of record, and all copies of such "Confidential" materials, which remain in the possession of each other party, their attorneys, their experts or consultants, or anyone acting on their behalf in connection with this litigation, shall be destroyed. Counsel for the parties shall certify that any and all copies of such "Confidential" materials have been destroyed.

8. After termination of this lawsuit, the provisions of this Order shall continue to be binding. The Court shall retain jurisdiction over the parties, and any other person who has agreed to be bound by this stipulation, for the sole purpose of

3

enforcement of the provisions of this stipulation.

9. No person not bound by this protective order may be in attendance at any deposition when there is questioning regarding information or documents that are designated as "Confidential" under this agreement. This provision, however, does not expand the individuals who are otherwise allowed to be present at the deposition beyond that which is allowed by law.

10. Nothing herein shall be deemed to limit any party's right to challenge a designation of discovery materials as "Confidential." If discovery material designated as "Confidential" becomes the subject of a dispute concerning confidentiality, the party challenging such designation may submit such discovery material to the court for an in camera inspection. The party asserting the confidential nature of the material shall have the burden to show good cause why the court should allow continuation of the designation to prevent unreasonable annoyance, expense, embarrassment, disadvantage or other prejudice. In the event a party challenges the designation of any document, thing, material, testimony or other information derived therefrom as "Confidential," said material shall be deemed "Confidential" and subject to this Order until the Court orders otherwise.

11. This stipulation shall not:
    (a) Prejudice in any way the right of a party to object to the production of discovery material it considers not subject to discovery;
    (b) Prejudice in any way the right of a party to seek determination by the court as to whether particular discovery materials should be produced;
    (c) Restrict the producing party's use of its own discovery materials in its possession independent of discovery in these proceedings, except as otherwise allowed by law; or,
    (d) Prejudice any party, in any way, from introducing, or objecting

4

to the introduction and/or admissibility of such "Confidential" discovery materials at any hearing, trial, or appeal in these proceedings.

DATED: 5/11/2011

_____
HONORABLE ANDREW J. WISTRICH
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

I, _____, do solemnly swear that I am fully familiar with the terms of the Stipulated Protective Order entered in *Moore v. Safeco Insurance Company of America*, USDC Case No. CV11-01891 DMG (AJWx), and hereby agree to comply with and be bound by the terms and conditions of said Order unless and until modified by further order of this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Order.

DATED: _____  _____
                                   Name & Signature